**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TONY LEE GREEN, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTEGRASCAN, LLC., et al.,<br><br>　　　　Defendants. | Case No. CIV-12-1084-F |

**DEFENDANT US SEARCH, LLC'S MOTION FOR SUMMARY**
**JUDGMENT AND SUPPORTING MEMORANDUM**

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY ................................................................. 1

II.   STATEMENT OF MATERIAL UNDISPUTED FACTS ...................................... 2

III.  FACTUAL BACKGROUND ................................................................................ 4

IV.   LEGAL AUTHORITIES ....................................................................................... 5

    A.   GREEN'S CLAIMS ARE BARRED BY THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. § 203(c)(1). ............... 5

        1.   US Search is an "Interactive Computer Service" Immune Under the CDA. ........................................................................................ 6

        2.   US Search Did Not Originate Any of the Criminal Records on which Plaintiff's Claims Are Predicated and Is Immune Under the CDA. ........................................................................................ 8

    B.   SUMMARY JUDGMENT IS APPROPRIATE BECAUSE ALL FACTS IN GREEN'S COMPLAINT ARE CONSISTENT WITH US SEARCH'S IMMUNITY UNDER 47 USC § 230 AND THE EVIDENCE INDISPUTABLY DEMONSTRATES THAT IMMUNITY ATTACHES ....................................................................... 10

V.    CONCLUSION ................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .................................................. 12

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................................................ 11

*Barnes v. Yahoo!*
   570 F.3d 1096 (9th Cir. 2009) ......................................................................................... 7

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ................................................ 11

*Ben Ezra, Weinstein, & Co., Inc. v. Am. Online, Inc.*
   206 F.3d 980, (10th Cir. 2000) ................................................................................ passim

*Carafano v. Metrosplash, Inc.*
   339 F.3d 1119 (9th Cir. 2003) ....................................................................................... 10

*Getachew v. Google, Inc.*
   No. 12-1237, 2012 U.S. App. LEXIS 16653 (10th Cir. Aug. 9, 2012) ............................ 9

*Goddard v. Google, Inc.*
   2008 U.S. Dist. LEXIS 101890 (N.D. Cal. Dec. 17, 2008) ............................................. 7

*Kannady v. City of Kiowa*
   590 F.3d 1161 (10th Cir. 2010) ..................................................................................... 10

*Luster v. Vilsack*
   667 F.3d 1089 (10th Cir. 2011) ..................................................................................... 11

*Nahno-Lopez v. Houser*
    625 F.3d 1279 (10th Cir. 2010) ..................................................................................... 11

*Prickett v. infoUSA, Inc.*
  561 F. Supp. 2d 646 (E.D. Tex. 2006) ............................................................................ 10

*Rice v. United States*,
  166 F.3d 1088 (10th Cir. 1999) ..................................................................................... 10

*Sec. & Exch. Comm'n v. Smart*
  678 F.3d 850 (10th Cir. 2012) ....................................................................................... 12

*Shrader v. Biddinger*,
  No. 10-cv-01881, 2012 U.S. Dist. LEXIS 38872
  (D. Colo. Feb. 17, 2012) ................................................................................................. 9

*Zeran v. American Online, Inc.*
  129 F.3d 327 (4th Cir. 1997) ........................................................................................... 7

**Statutes**

47 U.S.C. § 230(c) .............................................................................................................. 5, 8
47 U.S.C. § 230(c)(1) ............................................................................................ 1, 5, 8, 9, 11
47 U.S.C. § 230(e)(3) .................................................................................................. 1, 6, 11
47 U.S.C. § 230(f)(2) .................................................................................................................. 6
47 U.S.C. § 230(f)(3) .................................................................................................................. 7
CDA § 201(c)(3) ...................................................................................................................... 10

**Rules**

Fed.R.Civ.P. 56(a) .................................................................................................................. 10

Pursuant to Federal Rule of Civil Procedure 56, Defendant US Search, LLC ("US Search") moves for summary judgment dismissing the Plaintiff's Second Cause of Action in its entirety as barred by the Communications Decency Act, 47 U.S.C. §§ 230(c)(1) and 230(e)(3).  This motion is based on the records and files herein and on the Affidavit of Neal Skyer and exhibits thereto ("Skyer Aff.").

## I.     INTRODUCTION AND SUMMARY

In his August 31, 2012 Petition ("Complaint") (Docket No. 1-1) Plaintiff Tony Lee Green alleges that the www.ussearch.com website provided website users false and inaccurate information about him.  Complaint, ¶ 14.  Specifically, Green alleges that

> The information provided on the [US Search] website by this Defendant in regards to the Plaintiff stated that Plaintiff had felony convictions as a sexual offender, and included other serious inaccuracies about the Plaintiff's criminal background and history.  *Id*.

Plaintiff alleges that this false information "was nonetheless listed on the website as fact" and gives rise to Plaintiff's state law claims for negligence, libel and slander.  *Id*., ¶ 15.

The evidence conclusively establishes that the only criminal records information US Search's website has ever displayed about Plaintiff is criminal record information that originated from and was delivered by a third-party, and that US Search itself has not generated any content or information about Plaintiff.  Accordingly, all of Plaintiff's state law claims against US Search are barred under the Communications Decency Act.

## II.     STATEMENT OF MATERIAL UNDISPUTED FACTS

The following are material facts as to which US Search believes no genuine issue of fact exists.

1. Through its Internet website, www.ussearch.com, US Search offers for sale, subject to the Terms of Use, Internet searches of public records.  Skyer Aff., ¶ 3.  US Search is an Interactive Computer Service provider.

2. Through its website and Internet connection with a third-party database provider, US Search offers customers the ability to search public records contained in a database created and maintained by a third party.  *Id*., ¶ 3, 5-8.

3. From October 2007 to October 2012, any criminal background information displayed in response to a search on the US Search website was generated by a third party database, owned and operated by LexisNexis Risk & Information Analytics Group, Inc. *Id*., ¶ 6.

4. US Search does not create, develop, own or maintain any of the criminal records information in the third-party databases.  *Id*., ¶ 5.

5. With the exception of formatting, US Search does not add, modify, or revise the third-party criminal records data displayed on the US Search website.  *Id*., ¶ 7.

6. From October 2007 to October 2012, users of the US Search website obtained criminal records information by inputting search criteria.  The website communicated through an application programming interface (API) with the third party database, which provided a list of individuals' records matching the search criteria.  The US Search website displayed that content to the user.  The user then selected which

individual's records he or she wished to search.  Following its receipt of payment, the US Search website would communicate with the third-party database via a report API, passing the previously selected record as an identifier and receiving from the third-party database the corresponding report.  US Search would then display that third-party's data report to the website user through the US Search website.  With the exception of formatting, US Search would not (and does not) add, modify, or revise the third-party data in any fashion.  *Id*., ¶¶ 6-8.

7. On or about May 25, 2011 and July 13, 2011, users of the www.ussearch.com website purchased searches for criminal records of Plaintiff Tony Green and were provided with the public records search results generated by the third-party database.  *Id*., ¶¶ 9-10.

9. The users performing the searches on May 25, 2011 and July 13, 2011 had e-mail addresses associated with the law firm Schiffer Odom Hicks & Johnson, which represented Confi-Chek Inc. in a libel and slander lawsuit Plaintiff commenced on July 7, 2010 against Confi-Chek, based on its display of public records results.  *Id*., ¶¶ 9-10.

10. Except for formatting, US Search did not create, modify or alter any of the criminal records information displayed in response to the Internet website searches conducted on May 25, 2011 and July 13, 2011.  *Id*., ¶ 9.

11. From approximately 2004 through August 31, 2012, when Plaintiff filed the instant lawsuit, the May 25, 2011 and July 13, 2011 searches described above were the

3

only instances on which US Search displayed on its website any criminal records information regarding Plaintiff. *Id.*, ¶ 10.[1]

12.  In order to purchase a criminal records search from the US Search website, a user must agree to the US Search website Terms of Use, including the express provision that the US Search service is provided "AS IS" and that US Search does not warrant the accuracy, timeliness, or completeness of any data available through its search service. *Id.*, ¶ 3 and Exhibit 1, ¶ 7.

### III.   FACTUAL BACKGROUND

US Search is a leading Internet search website that offers users the ability to search for information from several data sources created and maintained by third parties, including criminal records. Skyer Aff., ¶ 3. US Search does not create any of the information that is displayed in response to a user's search for criminal background or history. *Id.* US Search transmits the user's search terms to the third party database, and displays the results of the search on its Internet website. *Id.*, ¶ 6. The criminal records information displayed on the US Search website is the exact data provided by the third party. *Id.*, ¶ 7.

Over the eight-plus years before Plaintiff filed his suit, the <u>only</u> searches for criminal records information concerning Plaintiff were performed on May 25, 2011, and July 13, 2011, by the law firm defending another Internet search site (owned by Confi-

---

[1] Because the CDA bars all of Plaintiff's claims, US Search does not move for summary judgment on the merits (or lack thereof) of Plaintiff's tort claims. But the fact that US Search has not displayed any criminal records information about Plaintiff to anyone except for attorneys' defending against Plaintiff's defamation claims demonstrates that the generalized allegations of publication and damages against US Search lack any basis.

Chek, Inc.) against nearly identical tort claims brought by Plaintiff. Skyer Aff., ¶ 10. *See Green v. Confi-Chek, Inc. et al.*, Western District of Oklahoma Case No. 5:10-cv-00718-R (Docket No. 1).[2] The criminal records search information displayed on US Search's website is immediately preceded by an alert stating:

> Note: Information contained herein is derived solely from public records, which may not be 100 percent accurate or complete. For a comprehensive search of a specific jurisdiction, we recommend an On Premise County Criminal search be performed.

Skyer Decl., Ex. 3, Nationwide Criminal Search for Tony Green.

Apart from these two searches, US Search had not displayed any criminal records information about Plaintiff prior to his filing suit. Skyer Aff., ¶ 10.

## IV. LEGAL AUTHORITIES

### A. GREEN'S CLAIMS ARE BARRED BY THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. § 203(c)(1).

Under the Communications Decency Act, "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The CDA provides immunity from liability for republishing material that originates with a third-party. The statute provides that "[n]o cause of action may be brought and no liability may be

---

[2] Plaintiff's Negligence, Libel and Slander claim against Confi-Chek was based on the nearly identical allegation now made against US Search: that "[t]he information provided on the websites by these Defendants in regards to the Plaintiff stated that Plaintiff had felony convictions as a sexual offender, and included other serious inaccuracies about the Plaintiff's criminal background and history." Par. 7 of July 7, 2010 Complaint, *Green v. Confi-Chek, Inc. et al.*, Western District of Oklahoma Case No. 5:10-cv-00718-R (Docket No. 1). *Cf.* with Complaint (Docket No. 1-1), Par. 14.

5

imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

Courts have uniformly applied the statutory immunity in cases such as this, where a plaintiff claims to have been defamed by third-party content published on a defendant's website. *See, e.g., Ben Ezra, Weinstein, & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 986 (10th Cir. 2000) (affirming summary judgment that Internet service provider is not liable for mistaken stock information it obtained and published on its website that originated from independent third-party organizations); *Geller v. Intelius Inc.*, Case No. BC 453778, Superior Court of the State of California for the County of Los Angeles, Feb. 2, 2012 (Internet records search site is immune under the CDA where Plaintiff's allegations of defamation established that website "does not create or originate any [criminal records] content but rather uses that content and organizes it in order to distribute the [criminal records] information.").[3]

### 1. US Search is an "Interactive Computer Service" Immune Under the CDA.

Under the CDA, an "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). As the Tenth Circuit observed in *Ben Ezra*, the statute was designed to promote freedom of speech in the new Internet medium "by eliminating the threat of tort-based lawsuits against interactive

---

[3]The state court's Order is attached as Ex. 1 to Affidavit of Tyler L. Farmer. *See* Ex. 1 Legal Analysis at 2.

services for injury caused by the communications of others."[4]  Operators of websites such www.ussearch.com squarely fit the statutory definition of interactive computer service provider.  US Search accepts search requests from multiple users, provides access to databases created by third parties (and maintained by those third parties on their own servers), and displays the results to the website users without any change or addition.  The vast majority of courts to consider the issue have held that Internet websites, such as US Search, are an "interactive computer service".  *See, e.g., Goddard v. Google, Inc.*, 2008 U.S. Dist. LEXIS 101890 * 7-8 n.2 (N.D. Cal. Dec. 17, 2008) (finding website operator is an interactive computer service provider under §230); *Barnes v. Yahoo!*, 570 F.3d 1096 (9th Cir. 2009) (finding website hosting online public profile page is an interactive computer service under §230).

By contrast, an "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  In this instance, the criminal records information allegedly inaccurate as to Plaintiff was provided by a database created and maintained by a third party and was then merely displayed on the US Search website in response to the May 25, 2011 and July 13, 2011 Internet searches by attorneys for non-party Confi-Chek.[5]

---

[4] *Ben Ezra*, 206 F.3d at 985 n.3 (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) (quotation marks and brackets omitted)).
[5] Skyer Aff., ¶¶ 6-8, 10.

## 2. US Search Did Not Originate Any of the Criminal Records on which Plaintiff's Claims Are Predicated and Is Immune Under the CDA.

Plaintiff's negligence, libel, and slander claims improperly seek to hold US Search liable as a "publisher or speaker" of the criminal records results displayed on the US Search website, contrary to US Search's immunity under the CDA, 47 U.S.C. § 230(c)(1). Plaintiff does not allege that US Search originated the allegedly inaccurate content, and the indisputable evidence demonstrates that US Search's website merely receives and then displays criminal records data supplied by a third-party. Plaintiff does not allege, and cannot possibly adduce evidence showing, that US Search created, developed, or otherwise originated <u>any</u> of the content displayed in response to user searches for criminal records concerning Plaintiff.

The www.ussearch.com website offers users only the ability to search databases maintained by third parties.[6] The website itself clearly notifies users of the nature of the information displayed in response to a user search, including an express disclaimer that the third-party information may not be accurate or current.[7] Plaintiff's state law claims are wholly barred by the CDA, which "creates a federal immunity to any state law cause of action that would hold computer service providers liable for information originating with a third party." *Ben Ezra*, 206 F.3d at 984-85 (affirming summary judgment).

In *Ben Ezra*, the Court of Appeals for the Tenth Circuit affirmed a summary judgment dismissing claims against AOL based on allegations that AOL displayed inaccurate stock quote information about the plaintiff's company, because AOL only

---

[6] Skyer Aff., ¶ 3 and Ex. 2, ¶ 3.
[7] *Id.*, Ex. 1, ¶ 7 and Ex. 3.

8

displayed stock information <u>provided by third parties</u>, and there was "no evidence in the record that Defendant provided any of the stock quote information at issue." *Id*. at 983, 984. Similarly, in *Getachew v. Google, Inc.*, No. 12-1237, 2012 U.S. App. LEXIS 16653 (10th Cir. Aug. 9, 2012), the Court of Appeals for the Tenth Circuit also affirmed the dismissal of the plaintiff's claim that, when all or part of his name is entered into Google's Internet search engine, the search results yielded negative information about him. *Id*. at *2. The court affirmed the district court's ruling that Google was immune from the plaintiff's state law claims under 47 U.S.C. § 230(c)(1), because "[u]nder that provision, Google cannot be held liable for search results that yield content created by a third party." *Id*. at *5, citing *Ben Ezra*, 206 F.3d at 984-85. *See also Shrader v. Biddinger*, No. 10-cv-01881, 2012 U.S. Dist. LEXIS 38872, *23-24 (D. Colo. Feb. 17, 2012) (holding that defendants who provided an electronic bulletin board forum were immune under the CDA from liability for displaying defamatory statements posted by a third party concerning the plaintiff, since the plaintiff did not allege the defendants "were active participants in the creation or the development of the posting"; defendants' conduct in providing the bulletin board forum "is precisely the type of conduct that is protected by the CDA").

The fact that US Search formats the information it receives from the third party database, to enable its display on the US Search website, does not make US Search a "content provider" of the information displayed. The Tenth Circuit in *Ben Ezra* held that actions AOL took to alter the stock data it displayed (by deleting certain stock symbols to make information about them unavailable after receiving reports of errors in the

9

information) did not affect AOL's immunity under the CDA. The court reasoned that "by deleting the symbols, ... [AOL] simply made the data unavailable and did not develop or create the stock quotation information displayed." *Ben Ezra*, 206 F.3d at 985-86. Here, by merely formatting the data for display, US Search did not in any way "develop or create" the underlying data itself. *See also Prickett v. infoUSA, Inc.*, 561 F. Supp. 2d 646 (E.D. Tex. 2006) (holding infoUSA immune under the CDA from claims of inaccurate information provided by a third party, even though infoUSA's website prompted the third party to supply information on certain subjects).[8] Under the CDA, US Search is entitled to immunity from Plaintiff's claims arising from the alleged inaccuracy of the third-party criminal records data displayed on US Search's website.

B.  **SUMMARY JUDGMENT IS APPROPRIATE BECAUSE ALL FACTS IN GREEN'S COMPLAINT ARE CONSISTENT WITH US SEARCH'S IMMUNITY UNDER 47 USC §230 AND THE EVIDENCE INDISPUTABLY DEMONSTRATES THAT IMMUNITY ATTACHES.**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). While Plaintiff's well-pleaded allegations are accepted as true on this motion, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010). To avoid summary judgment, Plaintiff must set forth evidence sufficient for a reasonable jury to return a verdict in his favor. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999). Plaintiff cannot possibly make this showing.

---

[8] *See also Carafano v. Metrosplash, Inc.*, 339 F.3d 1119 (9th Cir. 2003) (website immune even where challenged content was formulated in response to its online questionnaire).

Plaintiff's claims against US Search rest entirely on the generic (false) allegation that he or others retrieved inaccurate criminal records through US Search's website, resulting in $1 million of damages to Plaintiff.[9] Those alleged facts, even accepted as true, are not sufficient to withstand this motion. As demonstrated above, even if Plaintiff's allegations are true, they would not alter US Search's immunity under the CDA. None of Plaintiff's allegations demonstrate that any genuine issue of fact exists as to US Search's statutory immunity from liability. On this motion Plaintiff "cannot rest on mere allegations but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he carries the burden of proof." *Luster v. Vilsack*, 667 F.3d 1089, 1096 (10th Cir. 2011) (quoting *Kannady*, 590 F.3d at 1169).

Nor may Plaintiff avoid summary judgment through the conclusory assertion that US Search "owed a duty to use due diligence in verifying the information placed on [its] website[.]" Complaint, ¶ 15. That assertion is insufficient both as a legal and a factual matter. As the Tenth Circuit emphasized in *Nahno-Lopez v. Houser*, 625 F.3d 1279 (10th Cir. 2010), "[c]onclusory legal statements cannot preclude summary judgment."[10] As shown above, Plaintiff's assertion is contrary to the CDA, which immunizes US Search from state law claims arising from the accuracy of information provided by a third party. 47 U.S.C. § 230(c)(1), 230(e)(3); Section A, 1 *supra*. Plaintiff has not pleaded any facts

---

[9] Complaint, ¶¶ 14-16.

[10] *Nahno-Lopez*, 625 F.3d at 1284-85 (observing that under Supreme Court precedent "conclusory statements of law cannot defeat a motion to dismiss," and held "[t]hat admonition would seem to apply even more so in the summary judgment context") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

in the Complaint to support a finding that US Search was in any way involved in the creation or development of the allegedly erroneous information on which Plaintiff's claims are predicated. US Search's properly supported summary judgment motion "cannot be defeated by mere allegations or denials."[11]

## V. CONCLUSION

On the basis of the foregoing, Defendant US Search respectfully requests an order of summary judgment dismissing Plaintiff's Count Two in its entirety.

DATED this 26th day of October, 2012.

Respectfully submitted,

s/ROBERT D. TOMLINSON
ROBERT D. TOMLINSON, OBA #9056
TOMLINSON · RUST · MCKINSTRY · GRABLE
Two Leadership Square, Suite 450
211 N. Robinson Ave.
Oklahoma City, OK 73102
(405) 606-3350 Telephone
(866) 633-6165 Facsimile
bobt@trmglaw.com
*Attorney for Defendant, USSearch, LLC*

and

s/TYLER L. FARMER
TYLER L. FARMER, *Pro Hac Vice*
CALFO HARRIGAN LEYH & EAKES, LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
(206) 623-8717 Facsimile
tylerf@calfoharrigan.com
*Attorney for Defendant, USSearch, LLC*

---

[11] *Sec. & Exchange Comm'n v. Smart*, 678 F.3d 850, 858 (10th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quotation marks omitted)).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

M. Michael Arnett, OBA #12071
ARNETT LAW FIRM
3133 N.W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405) 767-0529
E-Mail: mikearnett1@juno.com
*Attorney for Plaintiff*

Joseph H. Bocock, OBA #0906
Jeremiah L. Buettner, OBA #21615
McAfee & Taft, PC
Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Tel: (405) 235-9621
Fax: (405) 235-0439
joseph.bocock@mcafeetaft.com
jeremiah.buettner@mcafeetaft.com
*Counsel for Defendant BeenVerified, Inc.*

                                              s/TYLER L. FARMER
                                              TYLER L. FARMER