# EXHIBIT 1

FILED
LOS ANGELES SUPERIOR COURT

FEB 02, 2012

JOHN A. CLARKE, CLERK

BY BERNICE GUZMAN, DEPUTY

Received

JAN 2 4 2012

Filing Window

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| PAUL M. GELLER, an individual on behalf of himself, the general public and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INTELIUS INC., a Delaware corporation; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.  BC 453778 <br><br> [PROPOSED] ORDER SUSTAINING DEFENDANT'S DEMURRER TO THE SECOND AMENDED COMPLAINT |

1    Having considered Defendant Intelius, Inc.'s ("Defendant") Demurrer to Plaintiff Paul M.

2    Geller's ("Plaintiff") Second Amended Complaint, and Plaintiff's arguments at the hearing thereon,

3    the Court rules as follows:

4    Defendant's Demurrer is SUSTAINED in its entirety WITHOUT LEAVE TO AMEND.

5    The Court enters as its statement of the specific grounds upon which the decision is based the

6    tentative ruling attached hereto as Exhibit A.

7

8    **IT IS SO ORDERED.**

9

10

11   DATED: FEBRUARY 2 , 2012                    _____

12                                               JUDGE OF THE SUPERIOR COURT OF
                                                 CALIFORNIA, COUNTY OF LOS ANGELES

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

*Geller v. Intelius*
Case No. BC 453778
[PROPOSED] ORDER SUSTAINING DEFENDANT'S DEMURRER TO THE SECOND AMENDED COMPLAINT

# EXHIBIT A

Paul M. Geller v. Intelius, Inc.
BC453778

## Demurrer to Second Amended Complaint

## LEGAL ANALYSIS

A demurrer for sufficiency tests whether the complaint states a cause of action. Hahn v. Mirda (2007) 147 Cal.App.4th 740, 747. When considering demurrers, courts read the allegations liberally and in context. Taylor v. City of Los Angeles Dept. of Water and Power (2006) 144 Cal.App.4th 1216, 1228. In a demurrer proceeding, the defects must be apparent on the face of the pleading or via proper judicial notice. Donabedian v. Mercury Ins. Co. (2004) 116 Cal.App.4th 968, 994; Weil & Brown, Civ. Pro. Before Trial (The Rutter Group 2011) ¶7:8. "A demurrer tests the pleadings alone and not the evidence or other extrinsic matters. Therefore, it lies only where the defects appear on the face of the pleading or are judicially noticed (Code Civ. Proc., §§ 430.30, 430.70). The only issue involved in a demurrer hearing is whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action." Hahn, supra, 147 Cal.App.4th at 747.

Demurrers for uncertainty are strictly construed, because discovery can be used for clarification, and apply where defendants cannot reasonably determine what issues or claims are stated. Khoury v. Maly's of Cal., Inc. (1993) 14 Cal.App.4th 612, 616; Weil & Brown, Civ. Pro. Before Trial (The Rutter Group 2011) ¶¶7:85-7:86. "A demurrer for uncertainty will not lie where the ambiguous facts alleged are presumptively within the knowledge of the demurring party." Bacon v. Wahrhaftig (1950) 97 Cal.App.2d 599, 605. A failure to specify what aspects of a complaint are uncertain generally results in a demurrer being overruled as to such grounds. Fenton v. Groveland Community Services Dist. (1982) 135 Cal.App.3d 797, 809, overruled on other grounds by Katzberg v. Regents of the University of California (2002) 29 Cal.4th 300, 328; CCP §430.60 (demurrer shall distinctly specify grounds or may be disregarded); Weil & Brown, Civ. Pro. Before Trial (The Rutter Group 2011) ¶7:88-7:88.1; 7A-71 California Points & Authorities (MB 2008) § 71.86.

### I.   Judicial Notice

In ruling upon demurrers, courts may consider matters that are proper for judicial notice. ABF Capital Corp. v. Berglass (2005) 130 Cal.App.4th 825, 834 (considering an opposing party's request for judicial notice of out-of-state law). In addition, judges "consider matters shown in exhibits attached to the complaint and incorporated by reference." Performance Plastering v. Richmond American Homes of California, Inc. (2007) 153 Cal.App.4th 659, 665. Although Plaintiff did not attach all of Terms and Conditions and Disclaimers to the SAC, Plaintiff did attach portions of them and incorporate them into the SAC. As such, it would be proper to take judicial notice of the entire disclaimer and terms and conditions. Furthermore, the failure to object to requests for judicial notice constitutes a waiver of the objection. Gentry v. eBay, Inc. (2002) 99 Cal.App.4th 816, n. 9; Giles v. Horn (2002) 100 Cal.App.4th 206, 228.

### II.   The Communications Decency Act

"'[A] demurrer based on an affirmative defense will be sustained only where the face of the complaint discloses that the action is necessarily barred by the defense.'" McKenney v. Purepac Pharmaceutical Co. (2008) 167 Cal.App.4th 72, 78-79 (addressing the defense of preemption).

The Communications Decency Act provides in part that: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Furthermore, "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

"These provisions have been widely and consistently interpreted to confer broad immunity against defamation liability for those who use the Internet to publish information that originated from another source. The immunity has been applied regardless of the traditional distinction between 'publishers' and 'distributors.'" Barrett v. Rosenthal (2006) 40 Cal.4th 33, 39. In Barrett, the Supreme Court overturned a lower court decision that held "that Internet service providers and users are exposed to liability if they republish a statement with notice of its defamatory character." Id. However, "[a]t some point, active involvement in the creation of a defamatory Internet posting would expose a defendant to liability as an original source." Id. at 60, n.19. In order for immunity to be lost, "a defendant's own acts must *materially contribute* to the illegality of the internet message." Hung Tan Phan v. Lang Van Pham (2010) 182 Cal.App.4th 323, 326, citing Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC (9th Cir. 2008) 521 F.3d 1157, 1169 (emphasis in original).

The allegations themselves in the SAC, as well as the facts of which this Court takes judicial notice, establish that Defendant is entitled to immunity under the Communications Decency Act. The SAC itself alleges that Defendant disseminates, augments, interprets, and transforms information. These allegations therefore establish that Defendant does not create or originate any content but rather uses that content and organizes it in order to distribute the information. As such, the facts alleged in the SAC and the facts of which this Court takes judicial notice are sufficient on their face to establish that Defendant is entitled to immunity for all communications at issue in this suit under the Communications Decency Act.

As such, the demurrer is sustained, without 20 days leave to amend.

III.     The Common Interest Privilege

As stated above, "a demurrer based on an affirmative defense will be sustained only where the face of the complaint discloses that the action is necessarily barred by the defense.'" McKenney v. Purepac Pharmaceutical Co. (2008) 167 Cal.App.4th 72, 78-79 (addressing the defense of preemption).

The elements of the common-interest privilege, as set forth in Civil Code § 47(c), are: (1) a communication; (2) made without malice; (3) to a person interested therein; and (4) by one also interested. Mamou v. Trendwest Resorts, Inc. (2008) 165 Cal.App.4th 686, 729 (malice is a state of mind arising from hatred or ill will, showing a willingness to vex, annoy or injure). "[Civil Code section 47(c)] provides a privilege to communications made without malice on occasions in which the speaker and the

2

recipient of the communication share a common interest." <u>Brown v. Kelly Broadcasting</u>
<u>Co.</u> (1989) 48 Cal.3d 711, 719. "The malice necessary to defeat a qualified privilege is
'actual malice' which is established by a showing that the publication was motivated by
hatred or ill will towards the plaintiff or by a showing that the defendant lacked
reasonable grounds for belief in the truth of the publication and therefore acted in
reckless disregard of the plaintiff's rights." <u>Sanborn v. Chronicle Pub. Co.</u> (1976) 18
Cal.3d 406, 413.

Plaintiff argues that the facts alleged in the SAC are sufficient to establish malice
because as Defendants acted in reckless disregard of Plaintiff's rights, as Defendant
allegedly produced initially incorrect results in order to induce consumers to purchase full
reports. However, the SAC and the facts of which this Court takes judicial notice show
that Defendant initially offers a disclaimer stating clearly that the records may not be
accurate because the search does not use middle initials or middle names. Given the clear
disclaimer, the facts show that Defendant did not act with malice by acting with reckless
disregard for Plaintiff's rights. As such, the allegations in the SAC and the facts of which
this Court takes judicial notice affirmatively show that Defendant is entitled to the
common interest privilege.

As such, the demurrer to the entire complaint based on the common interest
privilege is sustained , without 20 days leave to amend.

IV.    <u>First Cause of Action – Misappropriation</u>

For a cause of action for statutory misappropriation, the Plaintiff must allege the
following elements: (1) Defendant knowingly used plaintiff's name, photograph, or
likeness; (2) in specified ways: (a) on, or in, products. merchandise, or goods; or (b) for
purposes of advertising or selling, or soliciting purchases of, products, merchandise,
goods or services; (3) without plaintiff's consent. <u>Montana v. San Jose Mercury News</u>
(1995) 34 Cal.App.4th 790, 793.

The allegations in the SAC are insufficient to establish that Defendant used
Plaintiff's name for purposes of selling or soliciting purchasing and goods or services.
Instead, the allegations show that the services offered were further criminal reports, but
that the name or phone number was provided by the purchaser, not by Defendant. As
such, the facts are insufficient to establish that there was any misappropriation of
Plaintiff's name or likeness.

Therefore, the demurrer to the first cause of action is sustained, without leave to
amend.

V.    <u>Second and Fourth Causes of Action – Violations of California Consumer</u>
      <u>Legal Remedies Act and Violation of Washington Consumer Protection Act</u>

The elements of a cause of action under the Consumer Legal Remedies Act
(CLRA) are: (1) consumer; (2) who suffers any damage; (3) as a result of the use or
employment by any person of a method, act, or practice declared to be unlawful by Civil
Code Section 1770. Civil Code § 1780(a); <u>Wilens v. TD Waterhouse Group, Inc.</u> (2003)
120 Cal.App.4th 746, 754.

3

The elements of a cause of action for violations of the Washington Consumer Protection Act are: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) which affects the public interest; (4) injury to plaintiff in his or her business or property; and (5) a causal link be established between the unfair or deceptive act complained of and the injury suffered. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co. (Wash. 1986) 105 Wash.2d 778, 784-85.

The SAC alleges that Defendant violated Civil Code § 1770(a)(5). That subsection provides:

> (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> > (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

Plaintiff argues that the SAC alleges that Defendant represents that it delivers reliable and accurate information when in fact it does not. Plaintiff also argues that the allegations state that Defendant has stated that instant and accurate results can be attained with a phone number. However, the entire communications from Defendant include an explicit disclaimer that expressly states that the results might not be of the highest accuracy because the initial search does not use middle names or middle initials. Furthermore, this initial search is *free*. Plaintiff does not allege that the paid report does not have the characteristics ascribed to it by Defendant.

Furthermore, Plaintiff's allegations of damages are again insufficient. Plaintiff acknowledges that he only spent $14.95 on a full report on himself after receiving a false report on himself. Plaintiff argues that this was part of Defendant's plan, as Defendant incentivizes parties to purchase a full report by providing false information about someone's personal history. However, that would not explain how this particular Plaintiff was injured in purchasing a criminal report about his own (lack of) criminal history. As this Court previously stated, Plaintiff's injury was a loss caused by Plaintiff's ~~own investigative curiosity and concerns. it was a self-inflicted expense.~~ If a third party purchased a full investigative report on Plaintiff because of the initial false reports and that third party's need for further details, that allegation could support a claim under the CLRA. However, the same cannot be said for a purchase by this Plaintiff of his own report.

As such, the demurrer to the second and fourth causes of action is sustained, without leave to amend.

VI.    Third Cause of Action -- Unfair Business Practices

The elements of a cause of action for unfair business practices are: (1) a business practice; (2) that is unfair, unlawful or fraudulent; and (3) authorized remedy. Bus. & Prof. Code § 17200; Paulus v. Bob Lynch Ford, Inc. (2006) 139 Cal.App.4th 659, 676;

4

<u>Cruz v. PacifiCare Health Systems, Inc.</u> (2003) 30 Cal.4th 303, 317 (damages cannot be recovered, but instead injunctive relief and restitution compelling defendant to return money); William L. Stern, Bus. & Prof. C. § 17200 Practice (The Rutter Group 2005) ¶7:116 et seq.; 5 Witkin, California Pro. (4th ed. 1997) Pleading, §§ 735.

Plaintiff lacks standing to bring this claim because, as discussed above, Plaintiff did not suffer an injury as a result of an unfair business practice. "Proposition 64, which amended Business and Professions Code section 17204 to provide that a private individual has standing to assert a claim under the UCL only if he or she 'has suffered injury in fact and has lost money or property as a result of such unfair competition.'" <u>Buckland v. Threshold Enterprises, Ltd.</u> (2007) 155 Cal.App.4th 798, 812. "Proposition 64 amended the unfair competition law to provide that a private plaintiff may bring a representative action under this law only if the plaintiff has 'suffered injury in fact and has lost money or property as a result of such unfair competition....." <u>Arias v. Superior Court</u> (2009) 46 Cal. 4th 969, 978.

Under the UCL, an "'injury in fact' [is a]...'distinct and palpable injury' suffered 'as a result of the defendant's actions.' Alternatively,...another definition of 'injury in fact' [is] as 'an invasion of a legally protected interest which is (a) concrete and particularized; and (b) 'actual or imminent, not conjectural or hypothetical." <u>Peterson v. Cellco Partnership</u> (2008) 164 Cal.App.4th 1583, 1590. *See also* <u>Hall v. Time Inc.</u> (2008) 158 Cal.App.4th 847, 854-55 ("[A] plaintiff suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim.") [citations omitted].

Similarly, Plaintiff must also allege that she has lost money or property as a result of such unfair competition. As stated recently by the Supreme Court:

> There are innumerable ways in which economic injury from unfair competition may be shown. A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary.

<u>Kwikset Corp. v. Superior Court</u> (2011) 51 Cal.4th 310, 323.[1]

---

[1] In addition, a showing of a sufficient loss of money or property in a non-trivial amount may be able to satisfy the requirement of an injury in fact:

> If a party has alleged or proven a personal, individualized loss of money or property in any nontrivial amount, he or she has also alleged or proven injury in fact. Because the lost money or property requirement is more difficult to satisfy than that of injury in fact, for courts to first consider whether lost money or property has been sufficiently alleged or proven will often make sense. If it has not been, standing is absent and the inquiry is complete. If it has been, the same allegations or proof that suffice to establish economic injury will generally show injury in fact as well, and thus it will again often be the case that no further inquiry is needed.

As stated above, *Plaintiff's* injuries were caused by Plaintiff's own investigative curiosity and concerns and were self-inflicted injuries. The allegations in the complaint do not show that those injuries were caused by an unfair business practice.

Therefore, the demurrer to the third cause of action is sustained, without leave to amend.

VII.   Fifth, Sixth, and Seventh Causes of Action – Permanent Injunction, Declaratory Relief, and Restitution and Unjust Enrichment

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Shell Oil Co. v. Richter (1942) 52 Cal.App.2d 164, 168. *See also* City of S. Pasadena v. Department of Transp. (1994) 29 Cal.App.4th 1280, 1293 ("Injunctive relief is a remedy, not a cause of action."). Similarly, unjust enrichment is not a cause of action but is rather a remedy. *See* Melchior v. New Line Prods., Inc. (2003) 106 Cal.App.4th 779, 794.

The elements of a cause of action for declaratory relief are: (1) Person interested under a written instrument or a contract; or (2) a declaration of his or her rights or duties (a) with respect to another, or (b) in respect to, in, over or upon property; and, (3) an actual controversy. CCP §1060; Ludgate Ins. Co. v. Lockheed Martin Corp. (2000) 82 Cal.App.4th 592, 605-06; Bennett v. Hibernia Bank (1956) 47 Cal.2d 540, 549.

Procedurally, a demurrer must be overruled, if an actual controversy is alleged, even if plaintiffs are not entitled to a judgment in their favor. Lockheed Martin Corp. v. Continental Ins. Co. (2005) 134 Cal.App.4th 187, 221; Ludgate Ins., *supra*, 82 Cal.App.4th at 606; Farmers Ins. Exchange v. Zerin (1997) 53 Cal.App.4th 445, 460 ("Strictly speaking, a demurrer is not an appropriate weapon to attack a claim for declaratory relief inasmuch as the plaintiff is entitled to a declaration of its rights, even if adverse."); Bardin v. DaimlerChrysler Corp. (2006) 136 Cal.App.4th 1255, 1277 (no actual controversy exists because claims underlying declaratory relief insufficiently alleged on the merits); Meyer v. Sprint Spectrum L.P. (2009) 45 Cal.4th 634, 648 (court did not abuse discretion in sustaining demurrer where no particular allegations that declaratory relief would "have any practical consequences."). *See also generally* Weil & Brown, Civ. Pro. Before Trial (The Rutter Group 2008) ¶7:42.11.

No valid cause of action has been pled to support either injunctive relief or unjust enrichment. Furthermore, to the extent that the cause of action for injunctive relief and declaratory relief both rely on defamation, the claims are defective because there is no allegations sufficient to establish defamation and no controversy alleged that Plaintiff is being defamed. Previously, this Court stated that Plaintiff had not pled a cause of action for defamation because Plaintiff had not pled that any third party viewed his false criminal report. Plaintiff cannot cure that deficiency by attempting to fashion a claim for injunctive relief or declaratory relief.

---

Kwikset Corp., *supra*, 120 Cal.Rptr.3d at 753.

Therefore, the demurrers to the **fifth, sixth, and seventh causes of action is sustained, without** leave to amend.

MGM EQUIPME..., LEASING COMPANY LLC v. VERMEER
MANUFACTURING  CASE NO. BC403095

MOTIONS FOR NEW TRIAL AND MOTION FOR JUDGMENT
NOTWITHSTANDING THE VERDICT (JNOV)

MGM'S MOTION FOR NEW TRIAL IS DENIED AND RDO'S MOTION
FOR JNOV AND NEW TRIAL IS GRANTED. SEE ATTACHED LEGAL
ANALYSIS

PAUL M. GELLER v. INTELIUS, INC   CASE NO. BC453778

DEMURRER TO SECOND AMENDED COMPLAINT

SUSTAINED WITHOUT LEAVE TO AMEND. SEE ATTACHED
LEGAL ANALYSIS

VICTORIA GRAY v. LONNIE RAY YOUNG   CASE NO. BC457420

DEMURRER TO SECOND AMENDED COMPLAINT

SUSTAINED WITHOUT LEAVE TO AMEND AS TO THE FIRST,
SECOND, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION.
OVERRULED AS TO THE THIRD CAUSE OF ACTION. SEE
ATTACHED LEGAL ANALYSIS

CELIA O. DIEZI v. BARRY P. KING  CASE NO. BC455257

MOTION TO COMPEL COMPLIANCE WITH DEPOSITION
SUBPOENA AND MOTION TO COMPEL FURTHER REPSONSES
TO FORM INTERROGATORIES

BOTH MOTIONS ARE GRANTED AND NO SANCITONS. SEE
ATTACHED LEGAL ANALYSIS

FIRST CITIZENS BANK & TRUST COMPANY v. GARY
SCHAFFEL  CASE NO. BC452979

MOTION TO COMPEL COMPLIANCE RE: PRODUCTION OF
DOCUMENTS

GRANTED AND NO SANCTIONS. SEE ATTACHED LEGAL
ANALYSIS

**PROOF OF SERVICE**

**1013 A(3) CCP REVISED 5/1/88**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 800 W. Olympic Boulevard, 4th Floor, Los Angeles, California 90015.

On January 24, 2012, I served the foregoing document described as: **[PROPOSED] ORDER SUSTAINING DEFENDANT'S DEMURRER TO THE SECOND AMENDED COMPLAINT** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned document(s) to be served via electronic mail from my electronic notification address to the electronic notification address of the addressee as indicated above. The document was served electronically and the transmission was reported complete without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 24, 2012, at Los Angeles, California.

_____
GERI ANDERSON

---

PROOF OF SERVICE

## SERVICE LIST

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | David C. Parisi, Esq.<br>Suzanne Havens Beckman, Esq.<br>Azita Moradmand, Esq.<br>PARISI & HAVENS LLP<br>15233 Valleyheart Drive<br>Sherman Oaks, CA 91403 | *Attorneys for Plaintiff PAUL M. GELLER*<br>*and all others similarly situated*<br><br>Telephone: (818) 990-1299<br>Facsimile: (818) 501-7852<br><br>Email: dparisi@parisihavens.com<br>Email: shavens@parisihavens.com |
| 8 | Daniel J. King, Esq.<br>Law Offices of Daniel J. King<br>6320 Canoga Avenue, Suite 675<br>Woodland Hills, CA 91367 | *Attorneys for Plaintiff PAUL M. GELLER*<br>*and all others similarly situated*<br><br>Telephone: (818) 587-9299<br>Facsimile: (818) 260-2160<br><br>Email: daniel@danielkinglaw.com |
| 13 | Bart I. Ring, Esq.<br>Law Offices of Bart I. Ring<br>6320 Canoga Avenue, Suite 675<br>Woodland Hills, CA 91367 | *Attorneys for Plaintiff PAUL M. GELLER*<br>*and all others similarly situated*<br><br>Telephone: (818) 587-9299<br>Facsimile: (818) 587-9292<br><br>Email: bartiring@aol.com |