IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY LEE GREEN, an individual, | |
| Plaintiff, | |
| v. | Case No. CIV-12-1084-F |
| INTEGRASCAN, LLC., et al., | |
| Defendants. | |

## AFFIDAVIT OF NEAL SKYER IN SUPPORT OF DEFENDANT US SEARCH, LLC'S MOTION FOR SUMMARY JUDGMENT

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, Neal Skyer, of lawful age, having first been placed under oath, hereby aver and state:

1. I am over age 18, am competent to testify, and I submit this Affidavit based upon personal knowledge.

2. I am the General Manager and Chief Technology Officer of Defendant US Search, LLC ("US Search"). I have been employed by US Search since 2001. Beginning in 2005, I served as the Company's Vice President of Development. In 2007, I became the Company's Vice President – Information Technology. Since January 2010, I have been the Company's Chief Technology Officer. In my roles as Vice President – Information

1

Technology and now Chief Technology Officer, I have held primary responsibility for the Company's website function.

3.  US Search is a leading Internet search website and is located at the uniform resource locator (URL) www.ussearch.com. Through its website, US Search offers users the ability to search for information from several data sources maintained by third-parties, including criminal records. US Search does not generate any of the records content displayed on its website. Because we do not maintain or control the underlying records, we cannot remove individual's names from public records and we do not guarantee the accuracy of the records displayed in response to a user's search. The accuracy and completeness of a search result depends on several variables, including the completeness of the search criteria inputted by a user and the completeness and accuracy of the underlying records maintained by a third-party. As set forth in the US Search website Terms of Use, to which users must agree in order to purchase a search (including a criminal records search), US Search customers pay US Search to conduct a search on their behalf, not to return any particular result. A true and correct copy of the US Search website Terms of Use and Privacy Policy are attached as Exhibits 1 and 2 to this Affidavit.

4.  At the request of counsel, I have reviewed the Plaintiff's Petition in this matter and understand that Plaintiff asserts claims based on "information provided on the [US Search] website ... stated that Plaintiff had felony convictions as a sexual offender, and included other serious inaccuracies about the Plaintiff's criminal background and history." Petition, ¶ 14 (Docket No. 1-1).

5. US Search does not create, own, or maintain any of the information displayed on its website in response to any user searches for criminal records information or history. From October 2007 to October 2012, US Search obtained all of its criminal records data from a third party pursuant to a Reseller Agreement. Any criminal records data displayed at any time on the US Search website, including any criminal history allegedly displayed about Plaintiff, was generated by a third-party server and merely displayed on the US Search website in response to website user searches.

6. From October 2007 to October 2012, the criminal records search function worked as follows: For searches involving criminal records searches, once a US Search website user inputted search criteria, the US Search website communicated through an application programming interface (API) with a third-party database, owned and operated by LexisNexis Risk & Information Analytics Group Inc., which provided a list of individual records matching the search criteria. US Search displayed that content to the user, and the user could then select which individual's records he or she would like to search.

7. If the user decided to purchase a search of an individual's records report displayed in response to the initial search results, the user would provide payment to US Search through the US Search website. Following its receipt of payment, the US Search website would communicate with the third-party database via a report API, passing the previously selected record as an identifier and receiving from the third-party database the corresponding report. US Search would then display that third-party's data report to the website user through the US Search website. With the exception of formatting, US Search would not (and does not) add, modify, or revise the third-party data in any fashion. In other

words, any criminal records information displayed on the US Search website is the exact data provided by the third-party.

8.  Upon completing the user's search transaction, the criminal records data provided from the third-party database would be saved for one year in US Search's database solely to permit the purchaser to review the results in his or her account. If another US Search user were to search for records using the same search criteria, the process described in paragraphs 6-7 would be repeated, and the third-party database would generate new (potentially different, depending on any changes to the underlying criminal records maintained by third-parties) results that would then be displayed to the user through the US Search website.

9.  At counsel's request, I reviewed the criminal records report attached hereto as Exhibit 3, which I understand was submitted by defendant's counsel as part of an exhibit supporting a summary judgment motion filed in the matter *Green v. Confi-Chek, Inc. et al.,* Western District of Oklahoma Case No. 5:10-cv-00718-R. *See* Docket No. 28-6. Based on my personal knowledge of US Search's processes and reports, I can confirm that this Exhibit 3 is the print-up of the information displayed on the US Search website in July 2011 and includes criminal records information provided by the third-party database as described in Paragraphs 6-8 above. As set forth in Paragraph 7, with the exception of formatting, US Search did not add, modify, or revise the criminal records data displayed on its website as reflected in Exhibit 3.

10. Based on my review of US Search business records dating back to 2004, the only criminal records searches purchased through US Search regarding Plaintiff Tony Lee

Green before he filed his August 31, 2012 Petition were a May 25, 2011 report on Person ID number 000992008067 which was purchased by L. Johnson at ljohnson@sohlawfirm.com and a July 13, 2011 report on Person ID number 00992008067 which was purchased by B. Neely at bbneely@sohlawfirm.com. These searches were conducted by individuals with e-mail addresses @sohlawfirm.com, which I understand is Schiffer Odom Hicks & Johnson PLLC, the law firm that represented Defendant Confi-Chek in Plaintiff's July 7, 2010 lawsuit in which Tony Lee Green asserted claims for negligence, libel and slander, and intentional and willful infliction of emotional distress and gross negligence based on Confi-Chek's display of criminal records search results. *Green v. Confi-Chek, Inc. et al.*, Western District of Oklahoma Case No. 5:10-cv-00718-R (Docket Nos. 1, 12). A true and correct summary of the US Search data regarding those searches is attached as Exhibit 4. Aside from these two searches, US Search did not display any criminal records results about Plaintiff prior to his filing his August 31, 2012 lawsuit against US Search.

AFFIANT SAYTH NOTHING FURTHER.

DATED this 26 day of October, 2012.

_____
Neal Skyer

# California All Purpose Certificate of Acknowledgment

State of California
County of Los Angeles   }

On October 26, 2012, ALLAN A. SASSOON, Notary Public
Date

before me, personally appeared NEAL SKYER,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
Signature of Notary Public

ALLAN A. SASSOON
Commission # 1905321
Notary Public - California
Los Angeles County
My Comm. Expires Oct 22, 2014

Notary Seal

DESCRIPTION OF ATTACHED DOCUMENT

Title or Type of Document   Affidavit of Support

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

M. Michael Arnett, OBA #12071
ARNETT LAW FIRM
3133 N.W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405) 767-0529
E-Mail: mikearnett1@juno.com
*Attorney for Plaintiff*


Joseph H. Bocock, OBA #0906
Jeremiah L. Buettner, OBA #21615
McAfee & Taft, PC
Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Tel: (405) 235-9621
Fax: (405) 235-0439
joseph.bocock@mcafeetaft.com
jeremiah.buettner@mcafeetaft.com
*Counsel for Defendant BeenVerified, Inc.*

                                        s/TYLER L. FARMER
                                        TYLER L. FARMER