IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONY LEE GREEN, an individual,    )
    )
        Plaintiff,    )
    )
v.    )    Case No. CIV-12-1084-F
    )
INTEGRASCAN, LLC, *et al.,*    )
    )
        Defendants.    )

## PLAINTIFF'S RESPONSE TO DEFENDANT BEENVERIFIED, INC.'S MOTION FOR SUMMARY JUDGEMENT AND BRIEF IN SUPPORT

COMES NOW, the Plaintiff, by and through his attorney, M. Michael Arnett, and submits his Response to the Defendant BEENVERIFIED, INC.'S Motion for Summary Judgement pursuant to Fed. R. Civ. P. 56, hereby alleges and states:

## I.    INTRODUCTION

The Plaintiff filed a Petition against the Defendant, alleging negligence, libel and slander. The Plaintiff complains that the Defendant disseminated information about the Plaintiff which was inaccurate and libelous. The Defendant circulated information to cyberspace, so any person could find it, that the Plaintiff had been convicted of being a sexual offender involving minor children. The defendant claims to be a consumer reporting agency subject to the FRCA. In its cyber information,

circulated to the world, the Defendant claims to provide information from third parties to the general public and subscribers. The Defendant makes no allegation of any fact checking of information for accuracy.

The Defendant raises the issue that it is protected by 15 U.S.C. §1681 from suits involving negligence, libel and slander.   The Defendant further raises the use of certain disclaimers, which the Defendant alleges indemnifies it from negligence and liability.

The Plaintiff asserted that the Defendant had a duty to Plaintiff to provide accurate information on its web site, and to do due diligence, by adopting reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. The Plaintiff alleges that the Defendant had no such procedures in place to insure the accuracy of the material it disseminated.

The Plaintiff alleged damages of a revoked real estate venture, including the collapse of his going business, and emotional pain and distress from ostracization, and being held to public ridicule and shunning by friends and neighbors because of the view in the United States of conviction for sexual crimes involving minors. . The Plaintiff made several investments, and took adverse financial actions to himself and

2

his corporation, to establish this business.  He lost his partner and all other amenities.

In short, he Plaintiff had a well established real estate business which was destroyed

by the actions of the Defendant.

## II.  STATEMENT OF MATERIAL, UNDISPUTED FACTS.

1.  The Defendant disseminated untrue criminal information concerning the

Plaintiff, to wit: that he had been convicted of child pornography.

2. This information was accessed by a third party, and distributed to colleagues

of the Defendant.

3.  This information assisted in destroying the Defendant's business.

4.  By the Defendant's own admission, the Defendant,"does not add, modify,

or revise third party data bases."  ( See Defendant's Motion For Summary Judgement,

page 10, line 1 and 2.)

5.  The Defendant's cite two (2) general disclaimers in paragraphs 6 and 7 of

Statement of Undisputed Facts, at pages 3 and 4 of the Motion for Summary

Judgement, and are present in the  reports of the Defendant.

6.  The Defendant has no adequate system to check the information which it

receives and disseminates for accuracy, as is required by 15 U.S.C. §1681.

### III.  QUESTIONS OF FACT REMAINING.

1.  Does the Defendant owe a duty to the Plaintiff, pursuant to 15 U.S.C.

§1681?

2.  If so, did the Defendant meet this duty to the Plaintiff?

3.  Do the Disclaimers of the Defendant indemnify the Defendant from a

duty owed to the Plaintiff, and tort negligence in general?

4.  Was the action of the Defendant wilful, wanton, or in total disregard of

the rights of the Plaintiff, and those similarly situated?

### IV.      ARGUMENT AND AUTHORITIES

The Plaintiff agrees that the FRCA limits the recovery for negligence and

slander to actions which are done with malice or wilful intent.  However, the FRCA

also provides, at 15 U.S.C. Sec. 1681 "Congressional findings and statement of

purpose"

> "(b) Reasonable procedures. It is the purpose of this subchapter to
> require that consumer reporting agencies adopt reasonable procedures
> for meeting the needs of commerce for consumer credit, personnel,
> insurance, and other information **in a manner which is fair and
> equitable to the consumer, with regard to the confidentiality,
> accuracy, relevancy, and proper utilization of such information** in
> accordance with the requirements of this subchapter." (Emphasis added.)

4

Further, the FRCA at 15 U.S.C. Sec. 1681(e), Compliance Procedures, states:

> "b) Accuracy of report Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

The FRCA assumes procedures are in place ast a reporting agency which protect the person on whom they report from false and inaccurate information, particularly those such in this case, which are scurrilous, and shed unfavorable light on a person such as the Plaintiff.  There are no such procedures in place at the business of the Defendant.  A simple check of the Oklahoma Supreme Court Network would have shown that the plaintiff was never questioned, arrested, charged or convicted of these vicious crimes.  Each court jurisdiction has such a site as OSCN. The Defendant is in the business of dissemination of legal material, and should have such protections in place.

In the OUJI Civil instructions, 9.2, negligence is defined as follows:

> "Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property.  "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances.  That is for you to decide.  Thus, under the facts in evidence in this case, if a party failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent."

In *Martin v. Griffin Television, Inc*., 549 P.2d 85 (Okla., 1976) the Court

defined what the measure of care should be, citing *Canadian Northern Ry. Co. v. Senske*, CCA 8th, 201 F. 637, 642

> 'The validity of the general abstract rule that the measure of care * * * is that degree of care which an ordinary prudent man, engaged in the same kind of business, would have exercised under similar circumstances, is conceded. In cases like (cited cases omitted) in which there is no proof of the degree of care which other ordinarily prudent persons engaged in the same kind of business commonly use, juries may measure the care required of a defendant by the application of this rule to other facts and circumstances in evidence before them."

In this case, the standard of care is set by the federal statute cited above. 15 U.S.C. §§1685 (b) and (e): the Defendant must:

> "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information **in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information** in accordance with the requirements of this subchapter."

and,

> "Accuracy of report Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

It is obvious from the Defendant's own admissions, that such procedures to assure maximum accuracy were not adopted by the Defendant.

In 12 O.S. §1444.1 the, the statement of slander and damages is outlined:

"In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby. As a defense thereto the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true and, in addition thereto, that it was published or spoken under such circumstances as to render it a privileged communication."

In this case the Plaintiff has alleged what the defamatory matter was, and that it was published and disseminated by the Defendant. The Plaintiff has alleged that there are damages. The Defendant has not alleged that the statement was true or privileged, because it was not.

The Defendant argues that only that action which is wilful will be considered by the FRCA. The definition of willful and wanton under Oklahoma Law is found in Civil OUJI Instruction 9.51:

"Willful and wanton conduct means a course of action showing an actual or deliberate intention to injure or, if not intentional, shows **an utter indifference to or conscious disregard for the safety of others**." (Emphasis added.)

In this case, he actions of the Defendant towards the Plaintiff were ones which showed utter indifference and conscious disregard for the safety(rights) of others, particularly the Plaintiff, and others in his situation.

The general disclaimers in the Defendant's reports do not indemnify the

Defendant from negligence and liability to the Plaintiff.  The Plaintiff is not a party to any contract which involves dissemination of his criminal records.  The Plaintiff is certainly a foreseeable injured party, and the dissemination of the information by the Defendant is the proximate cause of Plaintiff's injuries.  See *Larchick v. Diocese of Great Falls-Billings*, 208 P.3d 836, 2009 MT 175, 350 Mont. 538 (Mont., 2009

Further, the general nature of the disclaimers do not protect the Defendant from general tort liability. The disclaimers of the Defendant only go to the potential accuracy of the Defendant's information.  They do not tell the user to search other sites to confirm the criminal records, or not to rely on the information provided by the Defendant.  This involves a tort, and not a UCC transaction.  This is covered well in the Restatement of Torts, Third Edition, Section 402(A).  There, the Restatement memorializes that only those specific exceptions to a particular liability pursuant to a contract may be defended against that specific liability, not general tort liability.

As mentioned, the Plaintiff was not a party to the "contract" between the Defendant and infinite users.  Also, the terms of the disclaimers use the words; "may include", "may resolve", and, "may not provide".  These are not specific exclusions concerning reliability of the Defendant's criminal background checks. The disclaimer which states that the Defendant's information is being constantly updated and should not be used for FRCA purposes, is nor sufficient to protect the Plaintiff.  The

information is there, and anyone can use it for any purpose, and the Defendant assumes the risk of dissemination of the said criminal records information.

In the bell weather case, *Union Pacific Railroad Co. v. El Paso Natural Gas Co.*, 17 Utah 2d 255, 259, 408 P.2d 910, 913 (1965), the Court held:

> "A closely related proposition pertinent here is that the law does not look with favor upon one exacting a covenant to relieve himself of the basic duty which the law imposes on everyone: that of using due care for the safety of himself and others. This would tend to encourage carelessness and would not be salutary either for the person seeking to protect himself or for those whose safety may be hazarded by his conduct. For these reasons such covenants are sometimes declared invalid as being against public policy. [3] However, page 914 this may depend upon the circumstances. The majority rule appears to be that in most situations, where such is the desire of the parties, and it is clearly understood and expressed, such a covenant will be upheld. [4] But the presumption is against any such intention, and it is not achieved by inference or implication from general language such as was employed here. [5] It will be regarded as a binding contractual obligation only when that intention is clearly and unequivocally expressed."  See also, *Salt River Project Agr. Imp. and Power Dist. v. Westinghouse Elec. Corp.*, 694 P.2d 198, 143 Ariz. 368 (Ariz., 1984)

## IV. CONCLUSION

The Plaintiff has stated that a defamatory matter was published by the Defendant; that the defendant owed the Plaintiff a duty not to publish such a statement; that a business in the  Defendant's position to have control over other person's lives should have used simple due diligence to correct the statement.

Pursuant to federal statute, the Defendant should have safeguards to remedy these situations if it is to publish the alleged personal criminal history of persons to anyone in the world of cyberspace.  It is a duty owed to the Plaintiff and persons in his similar situation, and that duty was breached, wilfully and wantonly.  Further the disclaimers of the Defendant do not protect the Defendant from tort liability as it relates to the Plaintiff.  The Plaintiff is not a party to the  alleged "contract" between the Defendant and its infinite users, and the Plaintiff is a foreseeable injured party, and the Defendant's actions are the proximate cause of the Plaintiff's injuries.

WHEREFORE, The Plaintiff prays the Court to deny the Defendant's Motion for Summary Judgement, Fed. R. Civ P. 56.

Respectfully submitted,

/S/ M. Michael Arnett
M. MICHAEL ARNETT, OBA #12071
Arnett Law Firm
3133 N. W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405)767-0522
Facsimile: (405)767-0529
Email: mikearnet1@juno.com
Attorney for Plaintiff

## **Certificate of Service**

      I hereby certify that on the _____ day of December , 2012, I electronically transmitted the above document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF Registrants:

Brooke S. Murphy                                  Robert T. Mowrey
brooke.murphy@crowedunlevy.com        Rmowrey@lockelord.com


Elizabeth J. Barnett                                Daron L. Janis
elizabeth.barnett@crowedunlevy.com     djanis@lockelord.com


          s/ M. Michael Arnett _____