IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY LEE GREEN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1084-F |
| | ) | |
| INTEGRASCAN, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT USSEARCH, LLC'S
MOTION FOR SUMMARY JUDGEMENT AND BRIEF IN SUPPORT**

COMES NOW, the Plaintiff, by and through his attorney, M. Michael Arnett, and submits his Response to the Defendant USSEARCH, LLC's Motion for Summary Judgement pursuant to Fed. R. Civ. P. 56, hereby alleges and states:

## I.      INTRODUCTION

The Plaintiff filed a Petition against the Defendant, alleging negligence, libel and slander. The Plaintiff complains that the Defendant disseminated information about the Plaintiff which was inaccurate and libelous. The Defendant circulated information to cyberspace, so any person could find it, that the Plaintiff had been convicted of being a sexual offender involving minor children. The defendant claims to be a consumer reporting agency subject to the FRCA. In its cyber information,

1

circulated to the world, the Defendant claims to provide information from third parties to the general public and subscribers.  The Defendant makes no allegation of any fact checking of information for accuracy.

The Plaintiff asserted that the Defendant had a duty to Plaintiff to provide accurate information on its web site, and to do due diligence, by adopting reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  The Plaintiff alleges that the Defendant had no such procedures in place to insure the accuracy of the material it disseminated.

The Plaintiff alleged damages of a revoked real estate venture, including the collapse of his going business, and emotional pain and distress from ostracization, and being held to public ridicule and shunning by friends and neighbors because of the view in the United States of conviction for sexual crimes involving minors.  The Plaintiff made several investments, and took adverse financial actions to himself and his corporation, to establish this business.  He lost his partner and all other amenities. In short, he Plaintiff had a well established real estate business which was destroyed by the actions of the Defendant.

## II.  STATEMENT OF MATERIAL, UNDISPUTED FACTS.

1.  The Defendant disseminated untrue criminal information concerning the Plaintiff, to wit: that he had been convicted of child pornography.

2. This information was accessed by a third party, and distributed to colleagues of the Defendant.

3.  This information assisted in destroying the Defendant's business.

4.  By the Defendant's own admission, the Defendant,"does not add, modify, or revise third party data bases." ( Defendant's Motion for Summary Judgement, ¶¶5 and 6.)

5.  The Defendant has no adequate system to check the information which it receives and disseminate for accuracy, as is required by 15 U.S.C. §1681.

## III.  QUESTIONS OF FACT REMAINING.

1.  Does the Defendant owe a duty to the Plaintiff, pursuant to 15 U.S.C. §1681?

2.  If so, did the Defendant meet this duty to the Plaintiff?

3.  If not, was the action of the Defendant wilful, wanton, or in total disregard of the rights of the Plaintiff, and those similarly situated?

## IV.       ARGUMENT AND AUTHORITIES

The Plaintiff agrees that the FRCA limits the recovery for negligence and

slander to actions which are done with malice or wilful intent.  However, the FRCA

also provides, at 15 U.S.C. Sec. 1681 "Congressional findings and statement of

purpose"

> "(b) Reasonable procedures. It is the purpose of this subchapter to
> require that consumer reporting agencies adopt reasonable procedures
> for meeting the needs of commerce for consumer credit, personnel,
> insurance, and other information **in a manner which is fair and
> equitable to the consumer, with regard to the confidentiality,
> accuracy, relevancy, and proper utilization of such information** in
> accordance with the requirements of this subchapter." (Emphasis added.)

Further, the FRCA at 15 U.S.C. Sec. 1681(e), Compliance Procedures, states:

> "b) Accuracy of report Whenever a consumer reporting agency prepares
> a consumer report it shall follow reasonable procedures to assure
> maximum possible accuracy of the information concerning the
> individual about whom the report relates."

> The FRCA assumes procedures are in place as a reporting agency which protect

the person on whom they report from false and inaccurate information, particularly

those such in this case, which are scurrilous, and shed unfavorable light on a person

such as the Plaintiff.  There are no such procedures in place at the business of the

Defendant.  A simple check of the Oklahoma Supreme Court Network would have

shown that the plaintiff was never questioned, arrested, charged or convicted of these

vicious crimes.  Each court jurisdiction has such a site as OSCN.  The Defendant is

in the business of dissemination of legal material, and should have such protections

in place.

In the OUJI Civil instructions, 9.2, negligence is defined as follows:

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property.  "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances.  That is for you to decide.  Thus, under the facts in evidence in this case, if a party failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent."

In *Martin v. Griffin Television, Inc.*, 549 P.2d 85 (Okla., 1976) the Court

defined what the measure of care should be, citing *Canadian Northern Ry. Co. v.*

*Senske*, CCA 8th, 201 F. 637, 642

"'The validity of the general abstract rule that the measure of care * * *

is that degree of care which an ordinary prudent man, engaged in the same kind of business, would have exercised under similar circumstances, is conceded. In cases like (cited cases omitted) in which there is no proof of the degree of care which other ordinarily prudent persons engaged in the same kind of business commonly use, juries may measure the care required of a defendant by the application of this rule to other facts and circumstances in evidence before them."

In this case, the standard of care is set by the federal statute cited above. 15 U.S.C.

§§1685 (b) and  (e): the Defendant must:

"adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information **in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information** in accordance with the requirements of this subchapter."

5

and,

"Accuracy of report Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

It is obvious from the Defendant's own admissions, that such procedures to assure maximum accuracy were not adopted by the Defendant.

In 12 O.S. §1444.1 the, the statement of slander and damages is outlined:

"In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby. As a defense thereto the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true and, in addition thereto, that it was published or spoken under such circumstances as to render it a privileged communication."

In this case the Plaintiff has alleged what the defamatory matter was, and that it was published and disseminated by the Defendant.  The Plaintiff has alleged that there are damages.  The Defendant has not alleged that the statement was true or privileged,  because it was not.

The Defendant argues that only that action which is wilful will be considered by the FRCA.  The definition of willful and wanton under Oklahoma Law is found in Civil OUJI Instruction 9.51:

6

"Willful and wanton conduct means a course of action showing an actual or deliberate intention to injure or, if not intentional, shows **an utter indifference to or conscious disregard for the safety of others**." (Emphasis added.)

In this case, he actions of the Defendant towards the Plaintiff were ones which showed utter indifference and conscious disregard for the safety(rights) of others, particularly the Plaintiff, and others in his situation.

## IV.   CONCLUSION

The Plaintiff has stated that a defamatory matter was published by the Defendant; that the defendant owed the Plaintiff a duty not to publish such a statement; that a business in the Defendant's position to have control over other person's lives, should have used simple due diligence to correct the statement. Pursuant to federal statute, the Defendant should have safeguards to remedy these situations if it is to publish the alleged personal criminal history of persons to anyone in the world of cyberspace.  It is a duty owed to the Plaintiff and persons in his similar situation, and that duty was breached, wilfully and wantonly.

WHEREFORE, The Plaintiff prays the Court to deny the Defendant's Motion for Summary Judgement, Fed. R. Civ P. 56.

Respectfully submitted,

/S/ M. Michael Arnett
M. MICHAEL ARNETT, OBA #12071
Arnett Law Firm
3133 N. W. 63rd Street
Oklahoma City, OK 73116
Telephone: 405.767.0522
Facsimile: 405.767.0529
E-mail: mikearnet1@juno.com
Attorney for Plaintiff

## Certificate of Service

I hereby certify that on the _____ day of  December , 2012, I electronically transmitted the above document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF Registrants:

Brooke S. Murphy                          Robert T. Mowrey
brooke.murphy@crowedunlevy.com            Rmowrey@lockelord.com

Elizabeth J. Barnett                      Daron L. Janis
elizabeth.barnett@crowedunlevy.com        djanis@lockelord.com

s/ M. Michael Arnett