**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

TONY LEE GREEN, an individual,

                  Plaintiff,

v.                                        Case No. CIV-12-1084-F

INTEGRASCAN, LLC., et al.,

                  Defendants.

**<u>DEFENDANT US SEARCH, LLC'S REPLY IN SUPPORT OF MOTION FOR</u>**
**<u>SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM</u>**

## I.     INTRODUCTION

Defendant US Search, LLC ("US Search") moved for summary judgment on the basis that Plaintiff's Second Cause of Action (Negligence, Libel, Slander) is barred by the Communications Decency Act, 47 U.S.C. §§ 230(c)(1) and 230(e)(3) ("CDA").  In his Response, Plaintiff Tony Lee Green ("Green") does not challenge any of the material undisputed facts supporting application of the statutory immunity to bar his claims against US Search.

## II.     ARGUMENT

### A.     Defendant's Material Undisputed Facts Should Be Deemed Admitted.

In support of its motion, US Search submitted a sworn affidavit and documentary evidence establishing its entitlement to Communications Decency Act immunity under Tenth Circuit law.[1]  In his response, Green fails to identify any facts in dispute and does not refer to any evidence that he contends would abrogate US Search's CDA immunity.[2] Under Federal Rule of Civil Procedure 56 and Local Rule 56.1, US Search's statement of material facts should be deemed admitted for the purpose of summary judgment.  *See* Fed. R. Civ. P. 56(e); LCvR56.1(c) ("All material facts set forth in the statement of material facts of the movant may be deemed admitted for the purpose  of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").

---

[1] Affidavit of Neal Skyer (Docket No. 30) ("Skyer Aff.").

[2] In fact, while Plaintiff requests that the Court deny Defendant's motion for summary judgment, the Response never disputes that US Search is entitled to immunity under the Communications Decency Act.

**B.    The Unsupported "Facts" in Plaintiff's Response Cannot Avoid Summary Judgment.**

In his Response, Plaintiff makes several factual assertions that lack <u>any</u> basis in his Petition and the record before the Court. For example, Plaintiff inaccurately states that defendant "*claims* to be a consumer reporting agency subject to the FCRA." Response at 1 (emphasis added). US Search has never made any such claim. As established by the Affidavit of Neal Skyer, US Search is an Interactive Computer Service provider that uses the Internet to permit users to search public records contained in a database created and maintained by a third-party.[3] US Search is not a consumer reporting agency. Plaintiff's Complaint does not mention the Fair Credit Report Act and could not assert any alleged violation of that statute.

Similarly, Plaintiff inserts new "facts" regarding his alleged damages. Response at 2-3. Such threadbare assertions cannot sustain his opposition to US Search's motion for summary judgment. *See, e.g., Dobbs v. Wyeth Pharms.*, 848 F. Supp. 2d 1335, 1337 (W.D. Okla., 2012) (granting summary judgment where "[c]onclusory arguments in the nonmovant's brief are not adequate to create an issue of fact, and are insufficient to avoid summary judgment."). Plaintiff's unsupported allegations cannot withstand the indisputable evidence that the <u>only</u> criminal records searches purchased through US Search regarding Plaintiff were made by counsel in connection with their defense of Confi-Chek, Inc. against Plaintiff's July 7, 2010 lawsuit. Skyer Aff. ¶ 10.

---

[3] Statement of Material Undisputed Facts Nos. 1 – 6.

### III.    CONCLUSION

US Search's motion for summary judgment should be granted and Plaintiff's claims against US Search should be dismissed with prejudice.

DATED this 18th day of December, 2012.

Respectfully submitted,


s/ROBERT D. TOMLINSON
ROBERT D. TOMLINSON, OBA #9056
TOMLINSON · RUST · MCKINSTRY · GRABLE
Two Leadership Square, Suite 450
211 N. Robinson Ave.
Oklahoma City, OK 73102
(405) 606-3350 Telephone
(866) 633-6165 Facsimile
bobt@trmglaw.com
*Attorney for Defendant, US Search, LLC*


and


s/TYLER L. FARMER
TYLER L. FARMER, *Pro Hac Vice*
CALFO HARRIGAN LEYH & EAKES LLP
999 Third Avenue, Suite 4400
Seattle, WA  98104
(206) 623-1700 Telephone
(206) 623-8717 Facsimile
tylerf@calfoharrigan.com
*Attorney for Defendant, US Search, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

M. Michael Arnett, OBA #12071
ARNETT LAW FIRM
3133 N.W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405) 767-0529
E-Mail: mikearnett1@juno.com
*Attorney for Plaintiff*

Joseph H. Bocock, OBA #0906
Jeremiah L. Buettner, OBA #21615
MCAFEE & TAFT, PC
Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
E-Mail: joseph.bocock@mcafeetaft.com
E-Mail: jeremiah.buettner@mcafeetaft.com
*Counsel for Defendant BeenVerified, Inc.*

Jon M. Talotta*, pro hac vice*
HOGAN LOVELLS US LLP
7930 Jones Branch Drive
McLean, Virginia 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
Email: jon.talotta@hoganlovells.com
*Counsel for Defendant BeenVerified, Inc.*

s/TYLER L. FARMER
TYLER L. FARMER