IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONY LEE GREEN, an individual,

          Plaintiff,

v.

INTEGRASCAN, LLC, et al.,

          Defendants.

Case No. CIV-12-1084-F

## JOINT STATEMENT OF PLAINTIFF TONY LEE GREEN AND DEFENDANT US SEARCH, LLC REGARDING INTEGRASCAN, LLC

Pursuant to the Court's February 9, 2013 Order (Doc. 40, the "Order"), Defendant US Search, LLC ("US Search") and Plaintiff Tony Lee Green ("Plaintiff"), by and through their undersigned counsel, hereby submit this joint statement regarding Integrascan, LLC:

1.    On October 1, 2012, US Search removed this case from the District Court of Oklahoma County, State of Oklahoma. (Doc. 1). Plaintiff's petition asserts claims against three entities: defendants Integrascan, LLC; US Search; and BeenVerified, Inc. ("BeenVerified"). (Doc. 1-1).

2.    On October 4, 2012, the Court directed US Search to supplement its notice of removal and, among other things, to identify the members of Integrascan, LLC and their citizenship so that it could determine whether diversity existed between the parties. (Doc. 13).

3.    On October 18, 2012, US Search filed a Supplement to the Notice of Removal that stated, among other things, that "**on information and belief that**

**Defendant Integrascan, LLC apparently no longer exists**." (Doc. 22 emphasis added). As noted in the Supplement, the "Integrascan" website referenced in Plaintiff's suit <u>is not operated by Integrascan, LLC</u>.  Rather, as indicated on the website http://www.integrascan.com/, the website is operated by National Data Research, Inc. ("National Data Research").  (*See id*. and Doc. 22-1).  As the Contact Us webpage of the Integrascan website indicates, "Integrascan" is a "d/b/a" (doing business as) that National Data Research uses to operate the Integrascan website. *See* http://www.integrascan.com/support.php (*see also* Doc. 22-1).

   4. On October 26, 2012, defendants US Search and BeenVerified filed motions for summary judgment, which if granted would result in their dismissal from this case.

   5. By January 30, 2013, Plaintiff had not filed a return of service for Integrascan, LLC.  The Court ordered Plaintiff to show cause for his failure to effect service on Integrascan, LLC within the time period prescribed by Federal Rule of Civil Procedure 4(m).  (Doc. 38).

   6. On February 6, 2013, Plaintiff filed a Response Regarding Service on Defendant Integrascan, LLC, in which he asserted that he had served Integrascan, LLC's registered agent in Delaware by certified mail in September.  (Doc. 39).  Plaintiff submitted a return of service for Integrascan, LLC with his filing.  (Doc. 39-2).

   7. In light of Plaintiff's claim that he had served Integrascan, LLC, the Court issued the Order directing US Search and Plaintiff to submit a joint statement identifying the members of Integrascan, LLC and their citizenship so it could determine whether

diversity existed as required by 28 U.S.C. § 1332. The Court noted that it "cannot proceed on the motions for summary judgment until diversity jurisdiction has been adequately shown."

8. According to Delaware Secretary of State records, the Delaware limited liability company that Plaintiff attempted to serve by certified mail does not exist (*see* Doc. 39 & 39-1). <u>Integrascan, LLC had its existence cancelled by the Delaware State Corporation Commission on June 6, 2006</u>. (*See* Entity Details for Integrascan, LLC, Ex. 1 hereto). A certified copy of the cancellation of Integrascan, LLC's certificate of formation is attached as Ex. 2.

9. Because its existence has been cancelled, Integrascan, LLC has no members. *See* Del. Code Ann. tit. 6, § 18-201(b) ("A limited liability company formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation.").

10. More importantly, because Integrascan, LLC did not exist at the time Plaintiff tried to serve the company, the service was not valid, and Integrascan, LLC has not been made a party to this lawsuit. *See Int'l Union of Operating Eng'rs, Local 68, AFL-CIO v. RAC Atl. City Holdings, LLC*, Cases No. 11-cv-3932 & -4585, 2013 WL 353211, at *7 (D.N.J. Jan. 29, 2013) ("…RAC remains a cancelled LLC upon which service cannot be made").

3

11.     Plaintiff has not yet amended his complaint to substitute National Data Research for Integrascan, LLC.  Accordingly, the only parties to the lawsuit are Plaintiff, US Search, and BeenVerified.

12.     US Search is a limited liability company with one member, US Search, Inc., which is a Delaware corporation with its principal place of business in the State of Washington.  (Doc. 22).

13.     BeenVerified is a Delaware corporation with its principal place of business in the State of New York. (*Id*.).  Thus, Defendants are, in the aggregate, citizens of only Delaware, Washington, and New York. *See* 28 U.S.C. § 1332(c)(1).  Plaintiff is a citizen of Oklahoma. (*Id*.).  As a result, no Defendant is a citizen of any state of which Plaintiff is a citizen, and complete diversity exists to satisfy 28 U.S.C. § 1332(a).

14.     This case is within the Court's diversity jurisdiction and diversity jurisdiction would continue to exist if Plaintiff were to attempt to add the actual operator of www.integrascan.com -- National Data Research -- as a party.  National Data Research is a Florida corporation with its principal place of business in Florida.  (*See* 2012 National Data Research, Inc. Annual Report, Ex. 3 hereto; National Data Research, Inc. Arts. of Inc., Ex. 4 hereto; *see also* Doc. 22 & 22-2).

15.     Accordingly, while Plaintiff may seek leave to substitute National Data Research for Integrascan, the Court currently has jurisdiction, and will continue to have jurisdiction, and can rule on the pending motions.

Respectfully submitted,

s/ROBERT D. TOMLINSON
ROBERT D. TOMLINSON, OBA #9056
TOMLINSON · RUST · MCKINSTRY · GRABLE
Two Leadership Square, Suite 450
211 N. Robinson Ave.
Oklahoma City, OK 73102
(405) 606-3350 Telephone
(866) 633-6165 Facsimile
bobt@trmglaw.com
*Attorney for Defendant, US Search, LLC*

s/TYLER L. FARMER
TYLER L. FARMER, *Pro Hac Vice*
CALFO HARRIGAN LEYH & EAKES LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
(206) 623-8717 Facsimile
tylerf@calfoharrigan.com
*Attorney for Defendant, US Search, LLC*

s/M. MICHAEL ARNETT
M. MICHAEL ARNETT, OBA #12071
ARNETT LAW FIRM
3133 N.W. 63rd Street
Oklahoma City, OK 73116
(405) 767-0522 Telephone
(405) 767-0529 Facsimile
mikearnett1@juno.com
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

M. Michael Arnett, OBA #12071
ARNETT LAW FIRM
3133 N.W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405) 767-0529
E-Mail: mikearnett1@juno.com
*Attorney for Plaintiff*

Joseph H. Bocock, OBA #0906
Jeremiah L. Buettner, OBA #21615
McAfee & Taft, PC
Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
Email: joseph.bocock@mcafeetaft.com
Email: jeremiah.buettner@mcafeetaft.com
*Counsel for Defendant BeenVerified, Inc.*

Jon M. Talotta, *pro hac vice*
Hogan Lovells US LLP
7930 Jones Branch Drive
McLean, Virginia 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
Email: jon.talotta@hoganlovells.com
*Counsel for Defendant BeenVerified, Inc.*

                                                   *s/Tyler L. Farmer*
                                                   Tyler L. Farmer